**No. 55662.**—N. E. Parkhurst *v.* United States, protest 154334–K (San Juan).

CLINE, Judge: This is a protest, arising at the port of San Juan, Puerto Rico, against the collector's assessment of duty on pineapple slips imported from Cuba at 25 per centum ad valorem under paragraph 755 of the Tariff Act of 1930 less the Cuban preferential of 20 per centum under T. D. 47232. It is claimed that the merchandise is entitled to free entry by virtue of paragraph 560 of the Tariff Act of 1897, the Commercial Convention between the United States and Cuba of 1903, 33 Stat., Part 2, p. 2136 (also known as the Cuban Reciprocity Treaty), section 316 of the Tariff Act of 1930, and the trade agreement with Cuba, T. D. 47232.

At the trial it was stipulated as follows:

That the merchandise involved consists of 8,661 bags of seedlings, pineapple fruit plants covered by consumption entry number 0444, dated September 30, 1946;

That the said plants are plants of a tropical or semitropical nature;

That they are products of the soil and industry of the Republic of Cuba;

That they were imported into Puerto Rico by the importers for, and actually have been used for the purpose of propagation and cultivation.

Pedro Acevado, customs examiner, testified that he examined the merchandise involved herein, entered under consumption entry No. 0444 of September 30, 1946; that it consisted of pineapple slips, a product of the Republic of Cuba and imported from Cuba; and that it was identical for classification purposes with that imported by The Pineapple Growers Cooperative Association of Puerto Rico under consumption entry No. 0594 of October 21, 1946.

Norman E. Parkhurst testified that he was familiar with the merchandise imported under the two consumption entries referred to by Mr. Acevado and that the said merchandise was identical.

The merchandise imported under consumption entry No. 0594, dated October 21, 1946, was involved in *The Pineapple Growers Cooperative Association of Puerto Rico* v. *United States*, 24 Cust. Ct. 133, C. D. 1221, where it was held entitled to free entry by virtue of paragraph 560 of the Tariff Act of 1897, the Cuban Reciprocity Treaty (33 Stat., Part 2, p. 2136), section 316 of the Tariff Act of 1930, and the trade agreement with Cuba, T. D. 47232.

On the record herein and on the authority of the case above cited, we hold that the merchandise herein is entitled to free entry by virtue of the above-mentioned provisions of law. The protest is sustained and judgment will be rendered in favor of plaintiff.

### CONCURRING OPINION

EKWALL, Judge: For the reasons set forth in my concurring opinion in *The Pineapple Growers Cooperative Association of Puerto Rico* v. *United States*, 24 Cust. Ct. 133, C. D. 1221, I concur in the result.

**No. 55663.**—A. G. Skourtsis *v.* United States, protest 168162–K (New York).

Opinion by CLINE, J. When this case was called for trial there was no appearance on the part of the plaintiff. An examination of the record failing to disclose evidence sufficient to overcome the presumption of correctness attaching to the collector's classification, the protest was overruled.